**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 05-00332-CG** |
| | ) | |
| **JASON JERMAINE HALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the court on the motion of defendant, Jason Jermaine Hall, to dismiss Count II for lack of jurisdiction(Doc. 42), and the United States' response thereto (Doc. 57). The court finds that 18 U.S.C. § 922(q)(2)(A) is constitutional. Therefore, defendant's motion to dismiss is due to be **DENIED**.

Defendant is charged in Count II with knowingly possessing "in or affecting commerce three (3) firearms ... within a distance of 1,000 feet from the grounds of Maryvale Elementary School, a place the defendant knew or had reasonable cause to believe was a school zone" in violation of 18 U.S.C. § 922(q)(2)(A). (Doc. 1).   Defendant challenges the constitutionality of § 922(q)(2)(A).  Defendant correctly states that the prior version of 922(q) was found to be unconstitutional by the Supreme Court.  The Supreme Court found that Congress had exceeded its Commerce Clause authority. U.S. v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L. Ed. 2d 626 (1995). The prior version of 922(q) made it a crime "for any individual knowingly to possess a firearm at a place that the individual knows or has reasonable cause to believe is a school zone." The Supreme Court found that the former "[s]ection 922(q) is a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one

might define those terms." <u>Lopez</u>, 514 U.S. at 560, 115 S.Ct. at 1630-31. Unlike the current version, the prior statute did not require that the firearm "has moved in or that otherwise affects interstate or foreign commerce." 18 U.S.C. § 922(q)(2)(A). "This new version of § 922(q) resolves the shortcomings that the <u>Lopez</u> Court found in the prior version of this statute because it incorporates a jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." <u>United States v. Dorsey</u>, 418 F.3d 1038, 1046 (9th Cir. 2005) (quoting <u>Lopez</u> <u>supra</u>, internal quotations omitted). "This jurisdictional element saves § 922(q) from the infirmity that defeated it in <u>Lopez</u>." <u>Id.</u> (citing <u>United States v. Morrison</u>, 529 U.S. 598, 612, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) and <u>Scarborough v. United States</u>, 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)); <u>see also</u> <u>U.S. v. Danks</u>, 221 F.3d 1037, 1039 (8th Cir. 1999) (finding that the amended statute is constitutional because it "contains language that ensures, on a case-by-case basis, that the firearm in question affects interstate commerce."). This court agrees with the <u>Dorsey</u> and <u>Danks</u> courts and finds that § 922(q) is constitutional.

## CONCLUSION

For the reasons stated above, the motion of defendant, Jason Jermaine Hall, to dismiss Count II (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** this 22nd day of March, 2006.

    /s/ Callie V. S. Granade
**CHIEF UNITED STATES DISTRICT JUDGE**